IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GWENDOLYN COOPER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF VIVIAN K. LOCKE,<br><br>Plaintiff,<br><br>v.<br><br>SEASONS HOSPICE & PALLIATIVE CARE OF DELAWARE, INC., SEASONS HOSPICE & PALLIATIVE CARE OF DELAWARE, LLC, and ACCENTCARE, INC.,<br>Defendants. | Civil Action No. 22-1370-RGA |

## MEMORANDUM OPINION

Raj Srivatsan, MCGIVNEY, KLUGER, & COOK, P.C., Wilmington, DE,

    Attorney for Plaintiff.

Dawn C. Doherty, Brett Thomas Norton, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, DE,

    Attorneys for Defendants.

July 13, 2023

ANDREWS, UNITED STATES DISTRICT JUDGE:

Before me is Defendants' motion to dismiss Plaintiff's complaint. (D.I. 9). I have reviewed the parties' briefing. (D.I. 9, 18, 20).

## I. BACKGROUND

Plaintiff alleges that Defendants, through the acts and omissions of agents, exhibited medical negligence. (D.I. 1, ¶¶ 9, 24). Plaintiff asserts that a COVID-positive palliative care Certified Nursing Assistant failed to wear a mask during the COVID-19 pandemic. (*Id.*, ¶ 17). This negligence caused Plaintiff's at-risk mother to contract COVID-19 and ultimately to die from complications of the virus. (*Id.*, ¶ 24). Plaintiff has brought claims for survival, breach of fiduciary duty, and wrongful death, individually and on behalf of the estate. (*Id.* at 6-11).

Plaintiff is a citizen of Georgia, and Defendants are all palliative care corporations with Delaware citizenship. (*Id.*, ¶¶ 3-7). Plaintiff was appointed administratrix of her mother's estate on March 26, 2021. (D.I. 18-1, Ex. A at 3). Plaintiff does not assert the citizenship of the decedent or of the estate in the complaint. Nevertheless, Defendants and Plaintiff agree that the decedent was a "citizen and resident of Delaware at the time of her passing." (D.I. 18 at 13).

Defendants contend that Plaintiff's claims should be dismissed for insufficient service of process, lack of subject matter jurisdiction, and for failure to comply with Delaware law regarding affidavits of merit in medical negligence cases. (D.I. 10).

## II. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for lack of subject matter jurisdiction. A federal court has subject matter jurisdiction—diversity jurisdiction—over civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Rule 12(b)(1) motions may

raise facial or factual challenges to subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Facial attacks challenge the sufficiency of the pleadings, whereas factual attacks challenge the jurisdictional facts of a plaintiff's claims. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

In reviewing a Rule 12(b)(1) facial challenge, the court must accept the truth of all factual allegations in the complaint and afford all reasonable inferences in favor of the plaintiff. *See NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001). When the challenge to jurisdiction is a factual attack, the court may determine the facts based on the record before it. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006). The party asserting subject matter jurisdiction bears the burden of proof that jurisdiction exists. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### III.  DISCUSSION

Plaintiff alleges that the complaint properly asserts diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(2). (D.I. 18 at 15).

Plaintiff acknowledges that survival actions compensate the estate. (D.I. 18 at 13). The breach of fiduciary duty claim also belongs to the estate. Plaintiff agrees with Defendants that decedent's citizenship is Delaware, although Plaintiff did not explicitly allege the decedent's citizenship in the complaint. (*Id.*). The citizenship of the representative of the estate is the citizenship of the decedent. 28 U.S.C. § 1332(c)(2). All parties to the survival action and breach of fiduciary duty claims are citizens of Delaware.

Delaware law permits individuals to bring an action for wrongful death "for the benefit of the spouse, parent, child and siblings of the deceased person." 10 Del. C. § 3724(a). This provision permits Plaintiff, acting individually, to bring suit as the "child… of the deceased

person." *Id.* It is not a claim of the estate. If this claim were the only claim in the lawsuit, the parties would be diverse.[1]

In order for diversity jurisdiction to exist, there has to be complete diversity. If there is incomplete diversity, there is no diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 554 (2005). Since there are Delaware citizens as both plaintiffs and defendants, diversity does not exist.

In view of the lack of jurisdiction, I do not discuss the other issues Defendants raise.

### IV. CONCLUSION

The case will be dismissed for lack of subject matter jurisdiction.

An accompanying order will be entered.

---

[1] The caselaw is not as clear as it could be, but two courts of appeals, interpreting laws similar to Delaware's, have come to the same conclusion. *See Tank v. Chronister*, 160 F.3d 597, 599 (10th Cir. 1998); *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166, 168 (7th Cir. 1992).

4